**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

REYNALDO YSA VILLA,

        Petitioner - Appellant,

v.

D.O.C. E.D. RICK RAEMISCH;
CYNTHIA COFFMAN, the Attorney
General for the State of Colorado,

        Respondents - Appellees.

No. 18-1115
(D.C. No. 1:17-CV-02404-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.

Petitioner Reynaldo Villa seeks a certificate of appealability to appeal the
district court's dismissal of his § 2254 habeas corpus petition as time-barred. He
also seeks to appeal the district court's denial of his motions (1) for
reconsideration and (2) for the court to provide him with free copies of certain
documents he had attached to his earlier pleadings.

In 2006, Petitioner was convicted in two separate cases of sexual assault on

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a child. His convictions were affirmed on direct appeal, but the Colorado appellate court agreed there had been a sentencing error and thus remanded both cases for resentencing. His resentencing proceedings occurred in 2010 and 2011. Petitioner unsuccessfully sought state post-conviction relief, which tolled the statute of limitations until 2014. With this tolling, Petitioner had until June 2015 to file a federal claim for habeas relief. However, he did not file the instant action until October 2017. The federal district court therefore dismissed this petition as untimely.

Petitioner filed several motions for reconsideration in which he sought relief from the statute of limitations based on belatedly raised arguments of equitable tolling and actual innocence. The district court held that these arguments were raised too late and that, even if the court did consider them, Petitioner's arguments were insufficient to demonstrate that his habeas petition should not be dismissed as untimely. The court also denied Petitioner's motion for a free copy of documents he had previously submitted to the court.

We have carefully reviewed Petitioner's brief, the record on appeal, and the relevant cases. We are persuaded that reasonable jurists would not debate the correctness of the district court's dismissal of this habeas petition on procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The district court fully explained why the petition should be dismissed as untimely, and we have nothing to add to that court's thorough explanation. As for Petitioner's motion

-2-

for a free copy of his earlier exhibits, Petitioner does not explain why he believes the district court should have granted this motion, and we are not persuaded this argument presents a valid basis for relief.  We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.  Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge